**UNITED STATES of America, Appellee,**

v.

**Wallace L. REDLIN, Appellant.**

**No. 92–2379.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 11, 1992.

Decided Jan. 14, 1993.

Rehearing Denied Feb. 10, 1993.

894

Arthur M. Hopper, Watertown, SD, for appellant.

Ted L. McBride, Asst. U.S. Atty. (argued), Kevin V. Scheiffer and Michelle G. Tapken, on brief, Sioux Falls, SD, for appellee.

Before JOHN R. GIBSON and MAGILL, Circuit Judges, and VAN SICKLE,* Senior District Judge.

* THE HONORABLE BRUCE M. VAN SICKLE, Senior United States District Judge for the District of North Dakota, sitting by designation.

MAGILL, Circuit Judge.

Wallace L. Redlin appeals from the sentence imposed by the district court[1] following his guilty plea to two counts of conversion of mortgaged property in violation of 15 U.S.C. § 714m(c). Because we find that Redlin failed to raise the objection urged on appeal at the sentencing hearing, we affirm.

## I.

On March 30, 1989, an investigation of Redlin's farm revealed that grain he had pledged as collateral for federal farm loans was missing. A federal grand jury indicted Redlin on four counts of conversion of government property. In short, the government alleged that Redlin had sold the grain and applied the proceeds to pay off loans other than those for which the grain was specifically pledged. Pursuant to a plea agreement, Redlin pled guilty to counts II and IV, while counts I and III were dismissed.

At sentencing, the only controverted issue was the determination of the amount of loss caused by Redlin's conduct. The presentence report applied the rubric for calculation of loss attributable to the defendant's conduct found in U.S.S.G. § 2B1.1, and calculated the loss at $93,739, representing the entire value of the grain missing on the date of inspection. This loss amount constituted an eight-point enhancement to Redlin's offense level. Redlin submitted objections to that amount, contending instead that the proper loss attributable to his conduct was $49,157.93, the amount attributable to the counts to which he pled guilty. He argued that the loss attributable to the dismissed counts should not be included because he did not intend to convert the grain, did not plead guilty to the charges, and paid back the loans within twenty days of the inspection that revealed the conversion.

At the sentencing hearing, Redlin renewed these objections. He contended that the court should exclude the loss attribut-

able to the dismissed counts, and enhance his sentence by seven points rather than eight. The district court conducted an evidentiary hearing, at which Redlin testified that he intended to pay off all the loans and did not intend to defraud the government. The district court asked Redlin several questions, stating that it was attempting to determine whether the uncharged counts constituted "related conduct" under the guidelines. Under questioning by the government and the court, Redlin admitted that he had disposed of all of the grain in question without authority.

The court then concluded that the loss under the uncharged counts constituted relevant conduct, the presentence report correctly calculated the loss, and the eight-level enhancement applied. This resulted in an offense level of ten, with a guideline sentencing range of six to twelve months. The district judge sentenced Redlin to six months, and he appeals.

## II.

Redlin contends that the district court erred by attributing any loss at all to his conduct. In a novel argument, he suggests that his conduct was more akin to a fraud in which no loss was intended. He thus contends that the district court should have applied the analysis for calculation of loss found in the application notes to the fraud guideline, U.S.S.G. § 2F1.1, in which the loss is calculated as the higher of the intended loss or actual loss. Redlin claims that because he intended to pay the government back, he intended no loss. Moreover, because he had in fact paid the government back by the date of sentencing, Redlin claims that the government suffered no actual loss.

The government contends that Redlin's failure to suggest this alternative loss calculation scheme at sentencing constitutes waiver. Redlin argues that because he objected to the calculation of loss based upon his intent and his repayment of the convert-

---

**1.** The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

ed grain, he preserved the issue for appeal. We believe that on this record, Redlin's failure specifically to bring to the attention of the district court the alternative sentencing scheme found in § 2F1.1 restricts our review of that claim.

■■■ We will allow sentences to be attacked on grounds raised for the first time on appeal in only the most exceptional cases. A party must raise a claim of error with the district court so the district court may correct itself and thus obviate the need for our review. "[I]t is simply unfair to reverse a trial court on the basis of an issue that it has not had the opportunity to consider." *United States v. Thornberg*, 844 F.2d 573, 575 (8th Cir.), *cert. denied*, 487 U.S. 1240, 108 S.Ct. 2913, 101 L.Ed.2d 944 (1988). This court will not reverse a district court on an issue that is raised for the first time on appeal unless a gross miscarriage of justice would otherwise result. *United States v. Filker*, 972 F.2d 240, 242 (8th Cir.1992); *United States v. Houston*, 892 F.2d 696, 707 (8th Cir.1989).

Redlin contested the inclusion of loss from the dismissed counts on largely the same grounds that he raises on appeal: that he intended no loss and he repaid all the converted amounts. Redlin contends that this objection in effect alerted the district court to the argument he now raises, and thus preserved that argument for appeal.

■■■ We disagree. On the specific facts of this case, we believe that Redlin's failure to specify the alternative basis for calculation of loss constitutes waiver. At sentencing, Redlin did not object to the inclusion of the loss attributable to the charged counts; he therefore waived any objection to their inclusion. With respect to the dismissed counts, Redlin stated merely that his loss calculation should be reduced because he never intended a loss and he paid the money back. These objections failed to alert the district judge to the error Redlin now asserts; Redlin never gave the district court a basis at the sentencing hearing to believe that his specific objections were legally relevant. The presentence report calculated the loss pursuant to U.S.S.G. § 2B1.1, the guideline section listed as applicable to Redlin's conduct. Under the loss calculation provided in this guideline, whether the defendant intended loss or whether he paid back the money is irrelevant. *See* U.S.S.G. § 2B1.1, comment. (n. 2). Moreover, Redlin phrased his objection as a plea for leniency rather than a specific legal objection. He stated: "Your honor, [we have no objections] other than the second portion of our objection which is not actually an objection, but simply takes note of the fact that Mr. Redlin has, in fact, paid his entire debt to the ASCS and the federal government. That payment was made after the presentence report was prepared, and so we offer that additional information."

Thus, the presentence report applied what on its face is the correct guideline, Redlin's specific objections were irrelevant under that guideline, and Redlin suggested no alternative framework under which his objections were relevant. The district court had no basis to determine, based upon Redlin's objection, that another method of calculating the loss was more appropriate. Because Redlin failed to bring his argument concerning the applicability of another portion of the guidelines to the attention of the district court, we review the district court's decision not to consider Redlin's intent and repayment only to determine whether it constituted a gross miscarriage of justice.

■■ We are convinced that the district court's decision to accept the loss calculation set forth in the presentence report was not a gross miscarriage of justice. First, the presentence report calculated the loss under the guideline specifically applicable to Redlin's conduct. Second, as Redlin admits, no other court has accepted the argument that U.S.S.G. § 2F1.1. should apply to violations of 15 U.S.C. § 714m(c). Finally, Redlin's main argument is that he never intended any loss and that he repaid all the outstanding debts. However, these actions occurred only after the inspection which discovered the conversion. Therefore, we conclude that the district court's refusal to exclude the loss from the dismissed counts based upon an argument that Redlin did not intend to cause a loss and repaid the money was not a gross miscarriage of justice.

That conclusion does not end our review. We still must determine whether the district court correctly calculated the loss in light of the objections to the presentence report. As we noted above, the court correctly accepted § 2B1.1 as the proper standard for calculation of the loss. Redlin's objection to the inclusion of the loss from the dismissed counts, however, obligated the district court to make a specific finding with respect to those amounts. *See* Fed.R.Crim.P. 32(c)(3)(D); *United States v. Streeter*, 907 F.2d 781, 792 (8th Cir.1990). The district court in fact made such a finding, determining that Redlin had disposed of the grain in the uncharged counts without authority, and that the loss constituted relevant conduct under U.S.S.G. § 1B1.3.

The Sentencing Guidelines provide that conduct which is relevant to determining the appropriate guideline sentencing range includes "all such acts and omissions that were part of the same course of conduct or a common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). A district court's determination whether actions were part of the same course of conduct as the counts of conviction is a question of fact reviewable only for clear error. *United States v. Gooden*, 892 F.2d 725 (8th Cir.1989); *United States v. Ehret*, 885 F.2d 441, 444 (8th Cir.1989). Under questioning by the government and the court, Redlin admitted that he had disposed of without authority all the grain for which he was initially charged. Furthermore, Redlin admitted that these actions were part of a continuing course of conduct he undertook to cover up for missing grain. Based upon this evidence, the court concluded that the amounts from the dismissed charges were properly included in the loss calculation as related conduct under U.S.S.G. § 1B1.3. We cannot conclude that this decision constituted clear error.

### III.

For all the foregoing reasons, we affirm.