UNITED STATES of America, Appellee,

v.

Lorenzo PETTY, also known as Lorenzo Murphy, also known as Lorenzy Petty, Appellant.

No. 92–3358.

United States Court of Appeals, Eighth Circuit.

Submitted May 14, 1993.

Decided Aug. 4, 1993.

Donald V. Morano, Chicago, IL, argued, for appellant.

John J. Ware, Asst. U.S. Atty., St. Louis, MO, argued, for appellee.

Before BOWMAN and MAGILL, Circuit Judges, and HENDREN,* District Judge.

BOWMAN, Circuit Judge.

Lorenzo Petty was arrested at a commercial firing range and was charged with being a felon in possession of a firearm. *See* 18 U.S.C. §§ 922(g), 924(e) (1988 & Supp. III 1991). He was convicted after a jury trial and the District Court [1] sentenced him to 212 months' imprisonment and three years of supervised release. Petty appeals and we affirm.

For his first issue on appeal, Petty argues that his trial counsel was ineffective for not objecting when the prosecutor read into the record a joint stipulation of Petty's prior felony convictions.

■ We decline to address Petty's ineffective assistance of counsel claim, as we

---

* The HONORABLE JIMM LARRY HENDREN, United States District Judge for the Western District of Arkansas, sitting by designation.

1. The Honorable Clyde S. Cahill, then United States District Judge for the Eastern District of Missouri, now Senior United States District Judge for the Eastern District of Missouri.

conclude it is not properly before us. Petty, who was represented by retained counsel at sentencing, raised the issue pro se when the District Court asked if he had anything to say at the sentencing hearing. Petty did not raise the claim in a motion for a new trial, and no evidentiary hearing was held. Consequently, neither trial counsel (who had been replaced by other counsel by the time of the sentencing hearing) nor any other witness was called to establish the factual basis for the claim. Cf. *United States v. Thomas,* 992 F.2d 201, 204 (8th Cir.1993) (reviewing ineffective assistance claim on direct appeal where record was fully developed in hearing on motion for new trial). The issue of ineffective assistance of counsel at Petty's trial was not properly raised at the sentencing hearing, because such a hearing is not an appropriate forum for the adjudication of ineffective assistance claims. As shown by *Thomas,* the issue might have been raised in a timely motion for a new trial.[2] Because it was not, and thus an adequate record was not developed in the District Court, the issue is not ripe for appellate review. Petty's claim of ineffective assistance is dismissed, without prejudice to his right to raise it in an 18 U.S.C. § 2255 (1988) motion for habeas corpus relief. See *United States v. Williams,* 994 F.2d 1287, 1290–91 (8th Cir.1993).

For his second issue on this direct appeal, Petty challenges the enhancement of his sentence based on his prior felony convictions.

The District Court determined that Petty's sentence was subject to enhancement under 18 U.S.C. § 924(e), which provides that a person convicted under § 922(g) (felon in possession of a firearm) who has three previous convictions "for a violent felony or a serious drug offense" shall receive a mandatory minimum sentence of fifteen years. Accordingly, Petty was classified as an "armed career criminal" under the sentencing guidelines and was assigned an offense level of 33. United States Sentencing Commission, *Guidelines Manual* § 4B1.4(a), (b)(3)(B) (Nov.1991). Petty's criminal history category for sentencing purposes was IV. *See id.*

§§ 4A1.1, 4B1.4(c)(3). The guidelines sentencing range thus was 188 to 235 months' imprisonment, and the court sentenced Petty to 212 months.

Petty challenges the court's reliance on three of the prior felonies used to enhance his sentence. The first is a 1964 adjudication of delinquency, when Petty was a juvenile, for committing homicide. Petty argues that this felony may not be used for enhancement because, at the time of the adjudication, the prosecution was not required to prove guilt beyond a reasonable doubt, as is constitutionally compelled since *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). For his challenge to the use of the other felony convictions, Petty contends that his civil rights were restored when he was released from prison upon commutation of his sentences on Missouri convictions of attempted first-degree robbery and manslaughter. According to 18 U.S.C. § 921(a)(20) (1988), offenses are outside the statutory definition of a conviction that may be used for enhancement if, under the laws of the state of conviction, the convict has had his civil rights restored.

■ Although Petty raised the juvenile adjudication issue in his written objections to the presentence report, he did so only in the context of challenging the criminal history points assigned to him and did not raise it in his discussion of § 924(e) "countable" felony convictions. Defendant's Objections to the Presentence Report at 6. In any event, at the sentencing hearing, Petty explicitly waived any objection to the use of his 1964 juvenile adjudication for homicide as a prior conviction for a violent felony for purposes of armed career criminal classification. Transcript of Sentencing at 14 ("We have challenged [as prior convictions for violent felonies or serious drug offenses] all of Mr. Petty's prior juvenile adjudications, and all of his prior convictions, except for his 1964 juvenile adjudication of homicide."). Petty did not raise the commutation issue at all, either in his written objections to the presentence report or at the sentencing hearing where

---

2. If a defendant is seeking to withdraw a guilty plea, the issue of counsel's effectiveness as it relates to the plea may be raised via a motion to withdraw the plea. *United States v. Brown,* 715 F.2d 387, 388 (8th Cir.1983).

Petty's objections to the presentence report were addressed. There is no record on either contention, except for the few documents that Petty attempted to submit to supplement the record on appeal, and no decision on these issues by the District Court. "We will allow sentences to be attacked on grounds raised for the first time on appeal in only the most exceptional cases." *United States v. Redlin,* 983 F.2d 893, 896 (8th Cir.1993), *petition for cert. filed,* 61 U.S.L.W. 3836 (U.S. May 3, 1993) (No. 92–1908). Having considered the arguments Petty sets forth in his briefs, and the government's response, we see no plain error in the sentence as imposed by the District Court. *See United States v. Glasener,* 981 F.2d 973, 975 (8th Cir.1992). We cannot say that "a gross miscarriage of justice" will result if we do not reverse the District Court's decision on the sentence. *Redlin,* 983 F.2d at 896. The sentence is affirmed.

We have taken with the case Petty's motions to supplement the record on appeal and now deny those motions.

Petty's ineffective assistance claim is dismissed and his sentence is affirmed.