**UNITED STATES of America, Appellant,**

v.

**Joseph P. BALANO, also known
as Joe Pat, Appellee.**

**No. 93–1588.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 15, 1993.

Decided Nov. 1, 1993.

Charles E. Ambrose, Jr., Asst. U.S. Atty., Kansas City, MO, argued, for appellant.

Martin D. Warhurst, Kansas City, MO, argued, for appellee.

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

In mid–1992, Joseph Patrick Balano was tried in federal court on two counts of drug-related charges—conspiracy to distribute more than five kilograms of cocaine in early 1991, and distribution of one ounce (approximately 28 grams) of cocaine in December, 1991. A jury acquitted him on the conspiracy count and convicted him on the distribution count.

At sentencing, the trial court found that the evidence was clear and convincing that Mr. Balano had participated in the conspiracy charged. 813 F.Supp. 1423. The trial court also held, however, that Mr. Balano's participation in that conspiracy was not relevant conduct that had to be considered under the federal sentencing guidelines, *see* U.S.S.G. § 1B1.3(a)(2), § 2D1.1(a)(3) application note 12, in determining the appropriate sentence for the distribution count. The government appeals that ruling. We affirm the trial court.[1]

I.

The federal sentencing guidelines provide that in arriving at the base offense level with respect to a conviction for distribution of cocaine, *see* U.S.S.G. § 2D1.1(a)(3), the trial court may consider "quantities of drugs not specified in the count of conviction." *Id.* application note 12. That calculation by the trial court "shall be determined" on the basis of relevant conduct—"all acts and omissions ... that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2).

The guidelines define acts and omissions included in the "same course of conduct" as those "sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses. Factors [appropriately considered] ... include the degree of similarity of the offenses and the time interval between the offenses." U.S.S.G. § 1B1.3(a)(2) application note 9(B). The guidelines define acts and omissions included in a "common scheme or plan" as those "substantially connected to each other by at least one common factor, such as ... common accomplices, common purpose, or similar *modus operandi*." U.S.S.G. § 1B1.3(a)(2) application note 9(A).

■ We consider a trial court's conclusions on the question of relevant conduct to be factual in nature and review them only for clear error. *See, e.g., United States v. Lewis,* 987 F.2d 1349, 1356 (8th Cir.1993), and *United States v. Gooden,* 892 F.2d 725, 728–29 (8th Cir.1989), *cert. denied,* 496 U.S. 908, 110 S.Ct. 2594, 110 L.Ed.2d 274 (1990) (standard of review with respect to conclusions on relevant conduct in general); *see also United States v. Redlin,* 983 F.2d 893, 897 (8th Cir. 1993) (standard of review with respect to conclusions on same course of conduct), and *United States v. Payne,* 940 F.2d 286, 293 (8th Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 616, 116 L.Ed.2d 638 (1991), 112 S.Ct. 1589 (1992) (standard of review with respect to conclusions on common scheme or plan).

The government suggests that *de novo* review is appropriate, arguing that where the

___

1. The Honorable Howard F. Sachs, Senior United States District Judge for the Western District of Missouri.

correct application of a guideline or the scope of a guideline is in question, the issue becomes one of law, or at least one that is a mixture of law and fact. *See, e.g., United States v. Lamere,* 980 F.2d 506, 510 (8th Cir.1992). *See also United States v. Claymore,* 978 F.2d 421, 423 (8th Cir.1992); *United States v. Lange,* 918 F.2d 707, 710 n. 2 (8th Cir.1990); *United States v. Manuel,* 912 F.2d 204, 206 (8th Cir.1990); and *United States v. Werlinger,* 894 F.2d 1015, 1016 (8th Cir.1990) (all cited by the government as authority in support of its argument). In each of those cases, however, the court was considering a different guideline from the one in question here. The same is true of all but two of the cases from other circuits cited by the government.

In the two cases cited from other circuits that do consider the guideline with respect to relevant conduct, the issue was whether that guideline could be applied at all under the circumstances of the case. *See, e.g., United States v. Smallwood,* 920 F.2d 1231, 1236–37 (5th Cir.1991), *cert. denied,* — U.S. —, 111 S.Ct. 2870, 115 L.Ed.2d 1035 (1991) (whether quantity of drugs that could be produced from defendant's laboratory could be counted against defendant when certain vital ingredients were missing and laboratory was not in production at the time of defendant's arrest), and *United States v. Rutter,* 897 F.2d 1558, 1560–63 (10th Cir.1990), *cert. denied,* 498 U.S. 829, 111 S.Ct. 88, 112 L.Ed.2d 60 (1990) (whether drugs attributable to counts dismissed under a plea agreement could be counted against defendant; court held that they could be, under the evidence admitted, even though defendant had not stipulated to facts that would establish guilt on those counts).

 No one disputes that the guideline with respect to relevant conduct would be applicable if the trial court found that the conspiracy was "part of the same course of conduct or common scheme or plan," U.S.S.G. § 1B1.3(a)(2), as the distribution for which Mr. Balano was convicted. Instead, what is disputed, by the government, is the trial court's factual finding that Mr. Balano's participation in the conspiracy was *not* "part of the same course of conduct or common scheme or plan," *id.,* as the distribution for which he was convicted. We reject, therefore, the contention that any standard of review other than for clear error is appropriate in the circumstances of this case.

II.

 We have read the transcript excerpts from the proceedings, conversations, and interviews that were submitted by the government, the transcript of the hearing held before sentencing, the transcript of the sentencing itself, and the trial court's written findings and conclusions with respect to the appropriate sentence for Mr. Balano. The trial court's conclusions as to relevant conduct are not clearly erroneous. Given this holding, we need not reach the other issues raised by the parties.

III.

For the reasons stated, we affirm the trial court.