16 F.3d 1228
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Douglas CHAPMAN, Appellant.
 No. 93-3245EA.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 18, 1994.
Filed: February 23, 1994.
 
 Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and LOKEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Douglas Chapman was convicted of bank fraud in violation of 18 U.S.C. Sec. 1344 (1988). U.S.S.G. Sec. 2F1.1(a) assigned Chapman's crime a base offense level of 6. The district court increased the base by seven levels under Sec. 2F1.1(b)(1)(H) for the loss amount of $179,798, and two levels under Sec. 2F1.1(b)(2)(A) for more than minimal planning. Chapman's offense level of 15 and criminal history category of I resulted in a sentencing range of eighteen to twenty-four months. The district court sentenced Chapman to eighteen months in prison. Chapman appeals his sentence and we affirm.
 
 
 2
 Chapman first contends the district court should have reduced the loss calculation because he intended to repay the bank and because part of the money Chapman fraudulently took benefited the bank. We reject Chapman's arguments. In fraud cases, the loss for sentencing purposes is the greater of "the value of the money [or] property ... unlawfully taken" or the intended loss. U.S.S.G. Sec. 2F1.1 n. 7. Thus, the district court may not reduce the loss amount because Chapman intended a smaller loss. Nor may the district court reduce the loss amount because the bank recovered part of the unlawfully taken money. See United States v. Prendergast, 979 F.2d 1289, 1291-92 (8th Cir. 1992). Having reviewed de novo the district court's application of the Guidelines to the facts, we conclude the district court properly applied Sec. 2F1.1. See United States v. Willis, 997 F.2d 407, 417 (8th Cir. 1993), cert. denied, 114 S. Ct. 704 (1994).
 
 
 3
 Chapman next contends the district court violated U.S.S.G. Sec. 6A1.3 in refusing to hear expert testimony about the costs of growing and harvesting crops. We disagree. U.S.S.G. Sec. 6A1.3 directs the district court to allow presentation of information about disputed factors important to sentencing. The district court could not consider for sentencing purposes the benefit Chapman claims the bank received when he used the fraudulently taken money for crop expenses. See U.S.S.G. Sec. 2F1.1 n. 7; Prendergast, 979 F.2d at 1291-92. The expert's testimony thus was not relevant to any disputed factor and Sec. 6A1.3 did not require the district court to hear the testimony.
 
 
 4
 Finally, Chapman contends the district court should have departed downward under U.S.S.G. Sec. 5K2.0 for "mitigating circumstance[s] of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the [G]uidelines." During Chapman's sentencing hearing, the district court expressed its belief that it had no discretion to consider a downward departure without a Government motion. Although a Government motion is required for a substantial assistance departure under U.S.S.G. Sec. 5K1. 1, a motion is not required under Sec. 5K2.0. See United States v. Garlich, 951 F.2d 161, 163 (8th Cir. 1991). Chapman did not ask the district court to depart under Sec. 5K2.0 at sentencing or object to the presentence report's recommendation that no factors warranted departure. Thus, we may review the district court's failure to consider a downward departure under Sec. 5K2.0 only to decide whether the failure was a gross miscarriage of justice. See United States v. Redlin, 983 F.2d 893, 896 (8th Cir.), cert. denied, 114 S. Ct. 75 (1993). Chapman has identified no mitigating circumstance that makes the district court's failure to consider a downward departure a gross miscarriage of justice.
 
 
 5
 Accordingly, we affirm.