19 F.3d 1437
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Michael John HUSTEN, Appellant.
 No. 93-2566.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 16, 1994.
Filed: March 28, 1994.
 
 Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 John Michael Husten appeals pro se his conviction and sentence for bank robbery. We affirm.
 
 
 2
 The government charged Husten with robbing two federally- insured credit unions and two federally-insured banks, in violation of 18 U.S.C. Sec. 2113(a), (d). After Husten underwent psychological evaluation the district court[1] held a competency hearing and found him competent to stand trial.
 
 
 3
 Husten later agreed to plead guilty to one count of the indictment and the government agreed to move for dismissal of the remaining counts. At his plea hearing, Husten repeatedly assured the court that he was satisfied with counsel. He also testified that the antidepressant and tranquilizer medication he was taking did not cause him to feel confused, and that he understood what he was doing. Husten indicated he understood his rights and the potential penalties, and denied that anybody had threatened him. He then pleaded guilty to robbing Marquette Bank on September 17, 1991. The district court sentenced Husten as a career offender to 180 months imprisonment and three years supervised release; it also ordered restitution.
 
 
 4
 In this pro se appeal, Husten argues that his guilty plea was involuntary because he was under the influence of large doses of "psychotic/psychiatric" medication, he was afraid of counsel and the court, and he was acting under duress from the coercive atmosphere in the courtroom. We reject his argument, because the allegations he makes on appeal are inconsistent with his statements at the plea hearing. See United States v. Dalman, 994 F.2d 537, 538-39 (8th Cir. 1993) (defendant failed to show his medication prevented him from entering knowing plea, and his conduct at plea hearing was inconsistent with his later claim that he did not understand proceedings).
 
 
 5
 We agree with the government that Husten's valid guilty plea forecloses the other claims Husten raises here regarding his confession and line-up, his competency examination and hearing, his arraignment, other "prejudice" he allegedly suffered during pre- plea proceedings, and the government's alleged violation of the Speedy Trial Act, 18 U.S.C. Sec. 3161(b). See United States v. Vaughan, 13 F.3d 1186, 1187-88 (8th Cir. 1994); United States v. Cox, 985 F.2d 427, 433 (8th Cir. 1993).
 
 
 6
 Husten also raises numerous ineffective-assistance claims regarding counsel's alleged performance deficiencies occurring before his guilty plea and during the sentencing phase. Generally, ineffective-assistance claims should be raised in collateral post-conviction proceedings where the record can be developed through evidentiary hearings to examine counsel's performance. See United States v. Thomas, 992 F.2d 201, 204 (8th Cir. 1993). Accordingly, we dismiss Husten's ineffective-assistance claims without prejudice. See United States v. Petty, 1 F.3d 695, 696 (8th Cir. 1993).
 
 
 7
 We reject Husten's remaining arguments that his sentence is illegal and unconstitutional, that the recommendation in his judgment of conviction is inconsistent with the plea agreement, and that the district court acted prejudicially toward him.
 
 
 8
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE JAMES M. ROSENBAUM, United States District Judge for the District of Minnesota