33 F.3d 57
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Duncan WALTON, also known as Keith Walker, Appellant.
 No. 94-1482.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 1, 1994.
Filed: August 10, 1994.
 
 Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Duncan Walton appeals his 135-month sentence imposed by the district court[1] after he pleaded guilty to money laundering. We affirm.
 
 
 2
 Walton was charged with sending a wire transfer of $96,707 (proceeds from a cocaine and cocaine base trafficking operation) through Western Union from Arkansas to California, in violation of 18 U.S.C. Sec. 1956(a)(1)(A)(i). Pursuant to a plea agreement, Walton pleaded guilty, and the parties agreed that-although it appeared Walton would have a sentencing range of 78-97 months-the court would determine the actual Guidelines range. The government reserved the right "to argue for, present testimony, or otherwise support the Court's findings as to Offense Level and Criminal History Category (which may be in excess of any agreement entered into herein between the defendant and the government)."
 
 
 3
 According to the presentence report (PSR), Walton was involved in this drug trafficking operation from 1988 through 1991. Money was wired to California to purchase cocaine and cocaine base, and various persons delivered the drugs. The operation extended into several other states, and was led in part by Walton. An investigator verified that Walton had transferred funds totalling at least $500,246.60. The PSR indicated a base offense level of 23, a three-level increase because Walton knew the funds he wired were the product of unlawful drug activity, a three-level increase because the amount of the funds transferred was more than $350,000 but less than $600,000, and a two-level increase for Walton's leadership role. The total offense level of 31 and criminal history category of III resulted in a Guidelines range of 135-168 months. The PSR recommended against a reduction for acceptance of responsibility because Walton would not admit to the probation officer that he was involved in illegal drug sales, and he claimed that his only occupation was selling jewelry.
 
 
 4
 At sentencing, Walton did not dispute that the approximately $500,000 in wire transfers took place. He argued, however, that the wire transfers exceeding $96,707 occurred outside the Arkansas state borders, could be charged against him in other districts, and thus should not be considered relevant conduct for this offense. He also asked for an acceptance-of-responsibility reduction. The court determined that, while Walton's falsehoods to the probation officer concerning the source of the wire transfer funds would not automatically deprive him of a reduction if he were otherwise qualified for it, Walton had not clearly demonstrated acceptance of responsibility; the court thus denied the reduction. The court found no support for Walton's argument that conduct committed outside the jurisdiction of the sentencing court could not be considered relevant conduct. Concluding that a preponderance of the evidence supported an inference that the additional wire transfers involved a common purpose-transferring money in exchange for cocaine-and a common modus operandi, the court counted the additional transfers as relevant conduct. The court sentenced Walton to 135 months imprisonment (to be served concurrently with the remainder of an Alabama federal sentence) and three years supervised release, and imposed a $15,000 fine. Walton did not object to the fine at sentencing.
 
 
 5
 On appeal, Walton argues for the first time that the district court erred in imposing a sentence outside the range contemplated in the plea agreement. See Fritz v. United States, 995 F.2d 136, 137 (8th Cir. 1993) (issues raised for first time on appeal ordinarily not considered), cert. denied, 114 S. Ct. 887 (1994). This argument is defeated by the plea agreement itself, which made clear that the range merely "appeared to be correct" to the parties at the time and was not binding on the court, and that the actual range might be greater than the parties contemplated.
 
 
 6
 Walton also challenges the denial of an acceptance-of- responsibility reduction. Because the district court is in a unique position to evaluate acceptance of responsibility, we will not disturb a decision to deny or grant the reduction unless that decision is clearly erroneous. United States v. Furlow, 980 F.2d 476, 476-77 (8th Cir. 1992) (en banc), cert. denied, 113 S. Ct. 2353 (1993). Contrary to assertions Walton made in his brief, the court based its decision on a combination of factors, and that decision was not clearly erroneous.
 
 
 7
 Walton argues for the first time on appeal that the additional wire transfers which were counted against him as relevant conduct deprived him of the benefit of his plea agreement and reflected the concerns expressed by this court in United States v. Galloway, 976 F.2d 414, 427 (8th Cir. 1992) (en banc), cert. denied, 113 S. Ct. 1420 (1993), namely, that federal prosecutors will seek indictments for less serious offenses and then seek substantially increased sentences based on the uncharged conduct. Walton asserts that the government was aware of these additional transactions when it filed the information, but the government responds that it disclosed them to defense counsel well in advance of the plea. The district court addressed this issue but concluded the undisputed additional wire transfers were part of a common plan and should be counted as relevant conduct. We conclude the court did not clearly err. See United States v. Redlin, 983 F.2d 893, 897 (8th Cir.), cert. denied, 114 S. Ct. 75 (1993).
 
 
 8
 Last, Walton argues the district court erred when it fined him $15,000 despite the court's acknowledgement of his lack of assets and lack of education. An offense level of 31 results in a Guidelines fine range of $15,000 to $150,000. U.S.S.G. Sec. 5E1.2(c)(3). In determining the fine, a district court must consider various factors set forth in section 5E1.2(d), and make findings on the record. We review those findings for clear error. See United States v. Miller, 995 F.2d 865, 869 (8th Cir.), cert. denied, 114 S. Ct. 618 (1993). Here, the court acknowledged Walton's alleged lack of assets, but found a fine to be appropriate; imposed the minimum fine allowed; and believed the money should come out of Walton's illicit drug proceeds. The court alternatively allowed installment payments, however, should Walton not pay the fine through these proceeds or through his prison earnings. We find no clear error.
 
 
 9
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas