_____

No. 95-1732
_____

United States of America,    *
                             *
          Appellee,          *
                             *   Appeal from the United States
    v.                       *   District Court for the
                             *   Eastern District of Arkansas.
Leroy Philmon,               *
                             *        **[UNPUBLISHED]**
          Appellant.         *
_____

Submitted:  January 16, 1996

Filed:  January 22, 1996
_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.

After a jury found Leroy Philmon guilty of conspiring to distribute cocaine in February 1994, in violation of 21 U.S.C. § 846, the district court[1] sentenced him to 144 months imprisonment and four years supervised release.  Philmon appeals his sentence, and we affirm.

Co-conspirator Thomas Craig Walton--who supplied the cocaine that was the subject of the conspiracy for which Philmon was convicted--testified at sentencing that he supplied cocaine to Philmon on a steady basis beginning in late 1992 and continuing through late 1993.  The district court included drug quantities from these previous transactions in calculating the total drug quantity for which Philmon was responsible under U.S.S.G. § 1B1.3

_____

[1]The Honorable WILLIAM R. WILSON, JR., United States District Judge for the Eastern District of Arkansas.

(relevant conduct). Philmon argues that, because the prior transactions comprising the relevant conduct increased his base offense level by ten levels and tripled his sentencing range, the court should have used the clear-and-convincing standard of proof rather than the preponderance-of-the-evidence standard. We disagree. See United States v. Pugh, 25 F.3d 669, 676 (8th Cir. 1994) (four-fold increase in potential sentence not large enough to require heightened evidentiary standard).

Philmon further argues that the prior transactions did not constitute relevant conduct. This argument also fails. Based on Walton's testimony, which the district court credited, we conclude that the court did not clearly err in finding that the prior transactions were part of the same course of conduct as the charged conspiracy, and thus were relevant conduct. See U.S.S.G. § 1B1.3(a)(2) & comment. (n. 9(B)); United States v. Balano, 8 F.3d 629, 630 (8th Cir. 1993); United States v. Adipietro, 983 F.2d 1468, 1472 (8th Cir. 1993).

Accordingly, we affirm. We deny Philmon's pro se motion for appointment of new counsel.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.