# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1425
_____

United States of America,           *
                                    *
            Appellee,               *
                                    *    Appeal from the United States
        v.                          *    District Court for the
                                    *    Western District of Missouri.
                                    *
Charles Roger Harris,               *
                                    *    [UNPUBLISHED]
            Appellant.              *

_____

Submitted:    May 7, 1999
    Filed:    May 25, 1999

_____

Before HANSEN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.

Pursuant to a plea agreement, Charles Roger Harris pleaded guilty to a December 23, 1996 armed bank robbery; to a February 10, 1997 armed bank robbery; and to using a firearm in relation to the December 23 robbery. At sentencing, Harris objected to the probation officer's recommendation of a five-level increase in Harris's offense level under U.S. Sentencing Guidelines Manual § 2B3.1(b)(2)(C) (1996) for the display of a firearm by Harris's accomplice, John Pankins, during the February 10

robbery.  The district court[1] overruled the objection, finding that the enhancement was proper under the relevant-conduct Guideline, and sentenced Harris to concurrent terms of 78 months imprisonment on the two robberies and a consecutive 60-month term of imprisonment on the firearm count, to be followed by concurrent terms of five years supervised release on the robberies and three years supervised release on the firearm count.  The district court also ordered Harris to pay $33,460.04 in restitution.  Harris appeals, arguing, as he did below, that he should not receive an enhancement based on Pankins' actions.  We affirm.

Under the Guidelines, Harris was accountable

> in the case of a jointly undertaken criminal activity ( . . . whether or not charged as a conspiracy), [for] all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity, that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.

U.S. Sentencing Guidelines Manual § 1B1.3(a)(1)(B) (1996).  Harris admitted that he had provided the guns for the robberies, and had himself used a gun during the December 23 robbery; moreover, Pankins had used a gun during a January 6, 1997 bank robbery, in which Harris had acted as the "switch car" driver.  In light of these facts, we reject Harris's contention that it was unforeseeable to him that Pankins would use a gun during the February 10 robbery.  Thus, we conclude the court did not clearly err in its determination that Pankins's display of the weapon was conduct that was both in furtherance of the robbery and reasonably foreseeable in connection with it, and that Pankins's conduct was therefore attributable to Harris as relevant conduct.  See U.S. Sentencing Guidelines Manual § 1B1.3, comment. (n.2) (1996); United States v.

---

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

Balano, 8 F.3d 629, 630 (8th Cir. 1993) (reviewing for clear error court's findings made on questions of relevant conduct).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.