# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3097

_____

United States of America,

        Plaintiff-Appellee,

v.

Mark Fuehrer,

        Defendant-Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the Northern
\* District of Iowa.
\*
\* [UNPUBLISHED]
\*

_____

Submitted: May 15, 2002
Filed: August 29, 2002

_____

Before MURPHY, HEANEY, and BRIGHT, Circuit Judges.

_____

PER CURIAM.

Mark Fuehrer pleaded guilty to one count of distributing crack cocaine, in violation of 21 U.S.C. § 841(a)(1). The district court[1] sentenced Fuehrer to ninety-two-months imprisonment to be followed by six years of supervised release. Fuehrer raises three sentencing issues on appeal. Two issues address the district court's treatment of Fuehrer's state child-endangerment conviction. The final issue concerns Fuehrer's payment of restitution to the government. We affirm Fuehrer's sentence.

---

[1]The Honorable Michael J. Melloy, United States District Judge for the Northern District of Iowa. Judge Melloy is now a United States Circuit Judge for the Eighth Circuit.

## I.    BACKGROUND

On October 21 and 26, 1998, Mark Fuehrer and his roommate sold crack cocaine to a confidential informant.   On December 21, 1998, an individual cooperating with law enforcement initiated a third controlled drug purchase from Fuehrer.  Based on these transactions, Fuehrer was named in a four count federal indictment for distributing crack cocaine.

Three days before the third drug purchase, on December 18, Iowa police were dispatched to Fuehrer's apartment.  Police discovered that Fuehrer was not at home, but found Fuehrer's five-year-old son at home with three men.  The officers saw drug paraphernalia in the apartment.  Fuehrer's son told the officers he knew where his father kept knives and needles; he subsequently showed them where Fuehrer kept knives, drugs, and needles.  The state charged Fuehrer with the possession of cocaine with the intent to distribute and with child endangerment.  The state court sentenced Fuehrer to two years imprisonment on the child-endangerment offense.  Fuehrer served eleven months and was released.

As to his federal drug charges, Fuehrer negotiated a written plea agreement with the government.  Fuehrer agreed to plead guilty to distributing 4.43 grams of crack on October 21, 1998.  At his plea hearing and again at sentencing, Fuehrer argued that his state child-endangerment conviction was related to his current drug distribution charge and that the conviction should only be used as relevant conduct and should not be considered in calculating his criminal history category.  Fuehrer argued that his discharged state sentence should be considered as relevant history because of the timing of the acts and the similarity of the underlying factual circumstances.  The district court rejected this argument and calculated Fuehrer's already discharged state child-endangerment conviction as counting toward his criminal history instead of considering it as relevant conduct.  Within a sentencing range of 92 to 115 months, the court sentenced Fuehrer to ninety-two months.

Pursuant to Fuehrer's plea agreement, the court also ordered Fuehrer to pay restitution of $1510.

## II.    DISCUSSION

On appeal, Fuehrer raises three sentencing issues. First, he contends that the district court erred in using his state child-endangerment conviction in calculating his criminal history category. Second, he asserts that the district court erred in failing to depart downward by giving him credit for the time he served on his state child-endangerment conviction. Finally, he argues that the district court erred in ordering him to pay restitution to the government for the controlled buy money.

### A.    Child-Endangerment Conviction

Fuehrer argues that the district court should have considered his child-endangerment conviction as part of the relevant conduct for his underlying federal drug charge. Fuehrer asserts that because the child-endangerment conviction occurred between the three federal controlled drug purchases, the district court erred in using it to calculate his criminal history score. If the district court would have adopted Fuehrer's position, his criminal history category would have been reduced from a Category V (92-115 months) to a Category IV (77-96 months).

"We consider a trial court's conclusions on the question of relevant conduct to be factual in nature and review them only for clear error." United States v. Balano, 8 F.3d 629, 630 (8th Cir. 1993).

Under United States Sentencing Guideline § 4A.1.1, criminal history points are assessed for "each prior sentence" imposed on a defendant. The guidelines interpret "prior sentence" as "any sentence previously imposed . . . for conduct not part of the

instant offense."  U.S.S.G. § 4A.1.2 (2000).  The commentary to the guideline explains:

> A sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence if it was for conduct other than conduct that was part of the instant offense.  Conduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of § 1B1.3 (Relevant Conduct).

U.S.S.G. § 4A1.2, cmt. n.1.

In determining whether conduct is part of the instant offense, courts consider several factors, "including temporal and geographical proximity, common victims, and a common criminal plan or intent."  United States v. Blumberg, 961 F.2d 787, 792 (8th Cir. 1992) (holding a 1973 burglary was severable from conspiracy to transport stolen property because the instant charge arose from a 1990 incident and the 1973 burglary targeted a different victim and had different accomplices).  Fuehrer maintains that his child-endangerment conviction and federal drug distribution charge have a common scheme or plan and related harms, namely drug activity.  Fuehrer also asserts that the child-endangerment conviction and federal drug distribution charge are part of the same course of conduct, because the state child-endangerment incident occurred between the federal controlled drug purchases.

The district court concluded that the state and federal offenses targeted different victims, namely, Fuehrer's son and society as a whole.  The court also noted that while the state and federal offenses had some common elements, the child-endangerment offense was unrelated to the federal drug distribution offense. No clear error exists in this determination.

Fuehrer also appeals the district court's refusal to depart downward to credit him for time served on his discharged state child-endangerment conviction. We review a court's decision to deny a departure only if the defendant can show that the court had an unconstitutional motive in denying the request or if the court erroneously believed that it lacked the authority to depart. See United States v. Peterson, 223 F.3d 756, 763 (8th Cir. 2000). Fuehrer has not alleged an unconstitutional motive. Further, the district court recognized its authority to depart downward and concluded Fuehrer's circumstances did not warrant a departure. Thus, we lack the authority to review the district court's refusal to depart.[2]

B.      Restitution Payment

Fuehrer argues that the district court erred in imposing the payment of restitution because the government cannot be a victim in a controlled buy. Fuehrer's plea agreement specifically states that he "agrees to pay $1,510 . . . to the Iowa Division of Narcotics Enforcement for controlled buy money expended during the investigation." (App. at 4.)

We review the interpretation and enforcement of a plea agreement *de novo*. United States v. Van Thournout, 100 F.3d 590, 594 (8th Cir. 1996). A plea agreement is contractual in nature and is generally governed by ordinary contract

---

[2]Fuehrer's argument relies on United States v. O'Hagan, 139 F.3d 641 (8th Cir. 1998). O'Hagan is distinguishable from this case. There we addressed whether the district court erred in *crediting* O'Hagan's prior discharged state sentence. Id. at 658. Nothing in O'Hagan mandates that the court must credit a prior discharged sentence in every case. Fuehrer also argues, based on O'Hagan and U.S.S.G. § 5G1.3 (discussing the imposition of a sentence subjected to an undischarged term of imprisonment), that his discharged state conviction should be treated the same as an undischarged sentence. Since, the district court recognized its authority to depart and Fuehrer has not presented an allegation of an unconstitutional motive, we lack the authority to address this argument.

principles.  Id.  Fuehrer urges us to construe the agreement against the government. No question exists as to the agreement's meaning.  The terms of Fuehrer's plea agreement are not ambiguous.  The agreement expressly states that Fuehrer would pay restitution if the court orders.

Promises made in plea agreements are binding on both the defendant and the government.  See United States v. His Law, 85 F.3d 379, 379 (8th Cir. 1996).  A defendant who explicitly and voluntarily exposes himself to a specific sentence may not challenge that punishment on appeal.  See United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995).  A defendant's agreement to pay restitution that a district court orders is binding.  See United States v. Lester, 200 F.3d 1179, 1179 (8th Cir. 2000).

Fuehrer contends that the district court erred in ordering him to pay restitution because the government is not a "victim" in his crime.  Fuehrer's argument misses the point.  The district court may order restitution to persons other than the victim of the offense "if agreed to by the parties in a plea agreement . . . ."  18 U.S.C. § 3663(a)(1)(A).  Thus, the district court did not err in ordering Fuehrer to pay restitution to the government.

III.  CONCLUSION

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-6-