UNITED STATES of America, Appellee,

v.

Gaylon Richard COX, Appellant.

UNITED STATES of America, Appellee,

v.

Gaylon Richard COX, Appellant.

No. 90–1670.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 8, 1990.

Decided Dec. 18, 1990.

Dale E. Adams, Little Rock, Ark., for appellant.

Robert L. Neighbors, Little Rock, Ark., for appellee.

Before LAY, Chief Judge, and BRIGHT and TIMBERS,* Senior Circuit Judges.

PER CURIAM.

Gaylon Richard Cox appeals from the district court's judgment sentencing him to consecutive prison terms of eight years for bank robbery in violation of 18 U.S.C.

---

* The Honorable William H. Timbers, Senior Circuit Judge for the United States Court of Ap-

peals for the Second Circuit, sitting by designation.

§ 2113(d) (1988) and two years for escape in violation of 18 U.S.C. § 751(a) (1988) pursuant to his guilty pleas. On appeal, he argues that the district court erred by refusing to reduce the base level for acceptance of responsibility; that the district court erred by departing upward from the guidelines to sentence him to additional time because of his escape; and that he received a disparate sentence in comparison to the sentence received by his accomplice.

## BACKGROUND

Cox was arrested and charged with armed bank robbery. Shortly after his arrest, he confessed to the Federal Bureau of Investigation, the police, and the chairman of the victim bank that he had committed the robbery. Cox subsequently pleaded not guilty by reason of mental defect. He then was incarcerated in a detention center pending a psychiatric examination. Cox and Stephen Mullican, a detainee who had committed an unrelated bank robbery, escaped from the detention center. After he was apprehended, Cox allegedly gave the United States Marshall Service information that led to the arrest of Mullican. Cox then changed his plea to guilty for the bank robbery charge and pleaded guilty to the escape charge. Both cases were consolidated for sentencing.

The pre-sentence investigation report ("PSI") determined that Cox had an offense level of 22 for armed bank robbery and 13 for escape. Because the offense level for escape was nine levels below the offense level for armed robbery, the PSI set Cox's combined offense level at 22. United States Sentencing Commission, *Guidelines Manual*, § 3D1.4(a), (c) (Nov. 1990) ("U.S.S.G."). Cox was not given an acceptance of responsibility reduction because he escaped from custody after he was charged with bank robbery. The PSI concluded that Cox's guideline imprisonment range was 77 to 96 months based on an offense level of 22 and his prior criminal record, which included two bank robbery convictions and a conviction for illegal transportation of aliens.

The district court also found that Cox was not entitled to an acceptance of responsibility deduction. The court noted that Cox's escape negated "the idea that he was accepting personal responsibility," that he had escaped from custody on several other occasions, and that he was "kind of a career criminal." Tr. at 19, 22. Furthermore, the court departed from the guidelines by sentencing Cox to an additional two years imprisonment to be served consecutively with his eight year bank robbery sentence. The court concluded that an upward departure was warranted because the guidelines did not adequately consider the effect of consolidation. The district judge indicated that the eight-year sentence under the guidelines for armed robbery was too lenient and stated he would have sentenced Cox to fifteen years absent the guidelines.

## DISCUSSION

### Personal Responsibility

Under U.S.S.G. § 3E1.1(a), the offense level of a defendant who "clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct" should be reduced by two levels. The commentary following this section provides that a court, in determining whether a defendant has accepted personal responsibility, should consider the following factors: (1) voluntary termination or withdrawal from the criminal conduct; (2) voluntary and truthful admission of involvement in the offense to the authorities; (3) manifestation of personal responsibility in a timely manner; (4) voluntary assistance to authorities in recovering fruits and instrumentalities of the offense. U.S.S.G. § 3E1.1, comment. (n. 1).

Cox argues the district court erred by refusing to reduce his offense level by two levels for personal acceptance of responsibility. We disagree. Cox's escape from the detention center clearly shows that he did not accept responsibility for his criminal conduct. *See* U.S.S.G. § 3E1.1, comment. (n. 1(a)); *United States v. Evidente*, 894 F.2d 1000, 1002–03 (8th Cir.1990) (holding that a sentencing court may consider a defendant's past failures to accept responsibility and demonstrated propensity for flight in deciding whether or not the defen-

dant has accepted responsibility for his criminal conduct), *cert. denied,* —— U.S. ——, 110 S.Ct. 1956, 109 L.Ed.2d 318 (1990). Moreover, the sentencing court is in a unique position to evaluate a defendant's acceptance of responsibility and its decision should be given great deference on review and not disturbed unless it is without foundation. U.S.S.G. § 3E1.1, comment. (n. 5); *United States v. Wivell,* 893 F.2d 156, 159 (8th Cir.1990).

### Departure Upward from the Guidelines

Cox argues the district court erred by departing upward from the guidelines in sentencing him to an additional two years imprisonment for escape. We agree.

■ A sentencing court's authority to impose a sentence outside the range provided by the guidelines is limited by 18 U.S.C. § 3553(b):

The court shall impose a sentence of the kind, and within the range, referred to in ... [the guidelines] unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.

18 U.S.C. § 3553(b) (1988). Furthermore, section 3553(c)(2) requires the sentencing court to state the "specific reason" for departing from the applicable guideline range. 18 U.S.C. § 3553(c)(2) (1988). In *United States v. Lang,* 898 F.2d 1378 (8th Cir.1990), this court established a procedure for reviewing a sentence that departs from the guideline range. First, the court must evaluate the district court's determination that the circumstances are sufficiently "unusual" to warrant a departure; then it must determine whether the circumstances actually exist in the case; and, finally, it must determine whether the sentence is reasonable. *Id.* at 1379–80.

■ In the present case, the district judge concluded that a departure upward from the guidelines was warranted because the guidelines failed to consider the escape charge due to the consolidation. In es-sence, the guidelines merged Cox's escape charge into his robbery charge. This merger effectively barred the court from imposing a separate sentence for the escape charge. Because the Sentencing Commission already has determined how to calculate an offense level when multiple offenses are sentenced in the same proceeding, we conclude that the circumstances in this case are not sufficiently "unusual" to warrant an upward departure from the guidelines. *See* U.S.S.G. § 3D1.4; *United States v. Miller,* 903 F.2d 341, 350 (5th Cir.1990).

■ In sentencing Cox to two additional years for escape, the district judge also expressed dissatisfaction with the guidelines for imposing too lenient sentences. The judge stated that he generally sentenced defendants to more than ten years imprisonment for armed robbery and escape and that Cox was "lucky to have come before [him] while these guidelines are in effect." Tr. at 25. We find that the judge was not justified in departing upward from the guidelines simply because he believed that Cox deserved a stiffer sentence than he received under the guidelines. *See United States v. Scott,* 914 F.2d 959, 964 (7th Cir.1990) (holding that general dissatisfaction with the guidelines is an unreasonable basis for departure).

In addition, the sentencing judge's comment that he would have sentenced Cox to fifteen years imprisonment absent the guidelines, omits consideration of the pre-guideline possibility of parole which would reduce the sentence. But the sentencing guidelines abolish parole. P.L. 98–473 § 218(a), 98 Stat. 2027, Oct. 12, 1984 (repealing 18 U.S.C. §§ 4161 *et seq.,* governing parole). Under the guidelines, Cox is required to serve eight years in prison and is not eligible for parole. Before the sentencing guidelines were enacted, however, federal prisoners who received sentences of more than one year were eligible for parole after they served one-third of their sentence. 18 U.S.C. § 4205 (1988). If the guidelines had not applied and the judge had been allowed to sentence Cox to fifteen years imprisonment, Cox would have been

eligible for release on parole after he had served only five years.

### Disparate Sentence

 Cox argues that his sentence should be vacated and remanded in light of the fact that his accomplice, Stephen Mullican, received a shorter sentence even though he also was charged with escape and bank robbery. We find this argument without merit. *See United States v. Meggers,* 912 F.2d 246, 251 (8th Cir.1990) (holding that variation in sentences among co-conspirators does not require resentencing).

The judgment of the district court is affirmed in part and reversed in part.