UNITED STATES of America,
Plaintiff–Appellee,

v.

Michael E. THOMAS, Defendant–
Appellant.

No. 92–3529.

United States Court of Appeals,
Eighth Circuit.

Submitted March 16, 1993.
Decided May 4, 1993.

William G. Jaco (argued), Kansas City, MO, for defendant-appellant.

Mark A. Miller, Asst. U.S. Atty. (argued), Kansas City, MO, for plaintiff-appellee.

Before BOWMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and MAGNUSON,* District Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

Michael Thomas was found guilty of possession of cocaine with intent to distribute and use of a firearm in relation to narcotics trafficking in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1) and 18 U.S.C. § 924(c). Thomas appeals the district court's[1] refusal to grant his motion for new

---

* The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, sitting by designation.

1. The Honorable D. Brook Bartlett, United States District Judge for the Western District of Missouri.

trial, motion to suppress evidence and motion for judgment of acquittal. We affirm.

## I. BACKGROUND

On November 11, 1991, Officers Mark Johnson and Milton Jones conducted surveillance on a Kansas City residence in an attempt to locate a robbery suspect who frequented the residence. The officers observed Thomas drive up to the residence, go inside for a brief time, and return to his car. The officers saw Thomas through a pair of binoculars and believed he matched the description of the robbery suspect. The officers followed Thomas and stopped his vehicle. Thomas immediately exited his car and met Officer Johnson at the rear of his car. Officer Johnson detected a strong smell of phencyclidine ("PCP") on Thomas' breath. The officers asked for identification and Thomas provided his driver's license. Officer Johnson then noticed that the car did not have a city sticker. Thomas stated that he had just purchased the car and offered to get the registration papers out of his car. Thomas then walked to the passenger side of the car to remove the papers, but before opening the glove department he told the officers a gun was inside. Officer Johnson took a loaded semiautomatic weapon from the glove department and Thomas was placed under arrest. Before the car was towed, police conducted an inventory search and discovered a bottle of PCP and 5.3 pounds of cocaine in the rear passenger seat. Thomas was then charged with one count of possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and one count of using a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). After a one day trial, the jury found Thomas guilty on both counts.

After the verdict, Thomas retained new counsel and filed a motion for mistrial and new trial alleging that his trial counsel was ineffective, he was the subject of an unconstitutional search, and the trial court erred in denying his motion for judgment of acquittal. On October 1, 1992, Judge Bartlett conducted a full hearing and denied Thomas' motions. Based on Thomas' offense level and criminal history category, he was sentenced to consecutive terms of 110 months for Count I and sixty months for Count II. Thomas appeals.

## II. DISCUSSION

Thomas first argues the district court erred in denying his motion to suppress evidence seized from his car because the officers lacked a reasonable basis to make an investigative stop. "We review the district court's factual findings and determinations concerning the circumstances justifying the stop of the vehicle under the clearly erroneous standard." *United States v. Wantland,* 754 F.2d 268, 270 (8th Cir.1985) (per curiam). It is well-established that a limited investigative stop of a vehicle by law enforcement officials, without a warrant, "is permissible under the fourth amendment in limited circumstances." *United States v. Peoples,* 925 F.2d 1082, 1086 (8th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 370, 116 L.Ed.2d 322 (1991). Police officers are justified in stopping a vehicle for investigatory reasons if they have a "reasonable, articulable suspicion that the person has been, is, or is about to be engaged in criminal activity." *Wantland,* 754 F.2d at 270 (quoting *United States v. Place,* 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983)). In making that determination we must consider "the totality of circumstances—the whole picture must be taken into account." *Id.* (quoting *United States v. Cortez,* 449 U.S. 411, 417, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981). The officers testified that they had a residence under surveillance for a robbery suspect who was known to frequent the residence. Thomas, who appeared to match the robbery suspect's description, went into the residence and left a brief time later. The district court's finding that the officers were justified in stopping Thomas' vehicle was not clearly erroneous. The officers believed that Thomas matched the robbery suspect's description and they had a "reasonable, articulable suspicion that criminal activity may be afoot." *United States v. Miller,* 974 F.2d 953, 956 (8th Cir.1992). Once officers make a valid investigative stop, they "may check for weapons and may take any additional steps 'reasonably necessary to protect their personal

safety and to maintain the status quo during the course of the stop.'" *United States v. Saffeels,* 982 F.2d 1199, 1205 (8th Cir.1992), *petition for cert. filed,* No. 92–8022 (March 18, 1993) (quoting *United States v. Hensley,* 469 U.S. 221, 235, 105 S.Ct. 675, 683, 83 L.Ed.2d 604 (1985). After stopping Thomas, Officer Johnson noticed the strong smell of PCP on Thomas' breath and also noticed that Thomas' car did not have a city sticker. Thomas volunteered to retrieve the registration documents from his vehicle, but before doing so, he alerted the officers that he had a gun in his glove compartment. At this point Officer Johnson had a reasonable belief that Thomas may gain control over the gun, and Johnson was justified in searching the glove compartment. Once Officer Johnson opened the compartment and retrieved a loaded semiautomatic weapon, he clearly had probable cause to arrest Thomas. *Id.* at 1206.

■ We also reject Thomas' contention that evidence seized after his arrest was the fruit of the poisonous tree. *See Wong Sun v. United States,* 371 U.S. 471, 487–88, 83 S.Ct. 407, 417–18, 9 L.Ed.2d 441 (1963). After Johnson arrested Thomas he ordered a tow truck and conducted a standard inventory search of the car, which revealed the bottle of PCP and the packages of cocaine. Inventory searches must be reasonable and "be conducted pursuant to standard police procedures." *United States v. Davis,* 882 F.2d 1334, 1339 (8th Cir.1989), *cert. denied sub nom. Harris v. United States,* 494 U.S. 1027, 110 S.Ct. 1472, 108 L.Ed.2d 610 (1990). The record indicates that the inventory search was done according to "reasonable police regulations" and was "administered in good faith." *Colorado v. Bertine,* 479 U.S. 367, 374, 107 S.Ct. 738, 742, 93 L.Ed.2d 739 (1987). Thus, the district court properly denied Thomas' motion to suppress the evidence seized during the investigative stop and the subsequent inventory search of Thomas' car.

■ Second, Thomas argues the court erred in denying his motion for judgment of acquittal because there was insufficient evidence to support the jury's verdict. In evaluating whether substantial evidence supported the jury verdict, we view the evidence in the light most favorable to the government. *United States v. Shurn,* 849 F.2d 1090, 1093 (8th Cir.1988). "We can only reverse if we conclude that a reasonable factfinder could not have found the defendant guilty beyond a reasonable doubt." *Id.* The jury could have reasonably inferred from the evidence that Thomas had possessed the cocaine with intent to distribute it. Thomas was the sole occupant of the vehicle, and therefore, the sole individual in control of the gun, PCP and cocaine found inside. "A person has constructive possession of contraband if he has 'ownership, dominion or control over the contraband itself, or dominion over the premises in which the contraband is concealed.'" *United States v. Matra,* 841 F.2d 837, 840 (8th Cir.1988) (citation omitted). Upon reviewing the evidence in the light most favorable to the government, we conclude the evidence was sufficient to convict Thomas of knowingly possessing cocaine with intent to distribute it in violation of 21 U.S.C. § 841(a)(1) and (b)(1).

■ Finally, Thomas argues he was denied effective assistance of counsel at trial. It is well-established in this circuit that ineffective assistance of counsel claims generally may not be raised on direct appeal, but are properly raised in collateral post-conviction proceedings where the record can be developed through evidentiary hearings to examine the counsel's performance. *United States v. Sanchez,* 927 F.2d 376, 378 (8th Cir.1991) (per curiam); *United States v. Gallegos–Torres,* 841 F.2d 240, 242–43 (8th Cir.1988). In this case, however, the district court considered the effectiveness of Thomas' counsel during an extensive hearing on Thomas' motion for a new trial, and the issue is before this court for consideration. *United States v. Williams,* 897 F.2d 1430, 1434 (8th Cir.1990). In order to prevail on an ineffective assistance of counsel claim, Thomas must show his trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Thomas argues that his counsel was ineffective for failing to investigate his theory

of defense and interview witnesses, not allowing him to testify at trial, and failing to advise him of his constitutional rights. The district court conducted an extensive hearing, which included the testimony of a number of witnesses, Thomas, and Thomas' counsel, before it concluded that Thomas had failed to prove the first prong of *Strickland* because he did not show that the performance of his counsel fell below an objective standard of reasonableness. We agree. Trial counsel's decisions concerning the theory of defense, testimony of witnesses and whether Thomas should testify are all tactical decisions. "We cannot rely on hindsight to evaluate defense counsel's trial strategy and we 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Jones v. Caspari,* 975 F.2d 460, 462 (8th Cir.); *cert. denied,* — U.S. ——, 113 S.Ct. 345, 121 L.Ed.2d 261 (1992) (quoting *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065). It is Thomas' burden to affirmatively prove prejudice, which requires proof "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068. There is little indication from the record that the results would have been different if Thomas' counsel had performed exactly as requested by Thomas. As the district court stated, it is highly unlikely that the result would have been different had Thomas and the other witnesses testified at trial. Thus, in light of the district court's findings and our review of the record, we conclude that Thomas has failed to satisfy either prong of the *Strickland* standard.

### III. CONCLUSION

For the reasons set forth above, we affirm the district court.