72 F.3d 134
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of AMERICA, Appellee,
v.
Timothy HIGH ELK, Appellant.
 No. 94-4048.
 United States Court of Appeals, Eighth Circuit.
 Submitted Nov. 29, 1995
Filed Dec. 12, 1995.
 
 Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Timothy High Elk appeals his conviction and sentence following his guilty plea to an assault on his wife resulting in serious bodily injury, in violation of 18 U.S.C. Sec. 113(f) (1988), amended by, 18 U.S.C. Sec. 113(a)(6) (1994). Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and High Elk has filed a supplemental brief. We affirm.
 
 
 2
 High Elk argues that the district court[1] erred by failing to state its reasons for denying his request for a downward departure and failing to consider the unusual circumstances of the case. At sentencing, High Elk asked the court to consider letters from his family and friends; he also asked the court to consider his problems with alcoholism and the circumstances preceding the assault on his wife, which involved a confrontation after both High Elk and his wife had been drinking. High Elk then asked the court for "a sentence at the low end of the sentencing guidelines or below based on the unusual facts in the case."
 
 
 3
 Assuming High Elk sufficiently alerted the district court that he was moving for a downward departure, we conclude that some of the asserted grounds would not permit a departure, and that the district court's refusal to depart based on the other grounds was an unreviewable exercise of discretion. See U.S.S.G. Sec. 5H1.4, p.s.; U.S.S.G. Sec. 5K2.13, p.s.; United States v. Hall, 7 F.3d 1394, 1396 (8th Cir.1993); United States v. Edgar, 971 F.2d 89, 92-93 (8th Cir.1992).
 
 
 4
 High Elk also asserts that the court violated 18 U.S.C. Sec. 3553(c) by failing to state its reasons for imposing a sentence at the top of the 27-to-33-month sentencing range. This argument also fails. Section 3553(c)(1) requires a district court to state its reasons for imposing a sentence "at a particular point within the range" when the range exceeds 24 months--a factor not present in this case--and we think the district court adequately explained that it sentenced High Elk at the top of the range because of his propensity toward violence when drinking alcohol.
 
 
 5
 In his supplemental brief, High Elk argues the district court violated Federal Rule of Criminal Procedure 11(f) because there is insufficient evidence to show that his wife suffered "serious bodily injury." Rule 11(f) states that a district court should not accept a guilty plea "without making such inquiry as shall satisfy it that there is a factual basis for the plea." A factual basis exists if "there is sufficient evidence at the time of the plea upon which the court may reasonably determine that the defendant likely committed the offense." United States v. Marks, 38 F.3d 1009, 1012 (8th Cir.1994), cert. denied, 115 S.Ct. 1700 (1995). At the plea hearing, the court considered a "Factual Basis Statement" High Elk executed, in which High Elk stipulated that his wife was unconscious after the assault, that blood was found in her urine, and that she was treated for multiple facial bruises. We conclude there was sufficient evidence for the district court to reasonably determine that High Elk likely caused serious bodily injury to his wife, and thus, we reject his Rule 11 argument.[2]
 
 
 6
 We have reviewed the record to look for any nonfrivolous issues in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), and have found no such issues.
 
 
 7
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable John B. Jones, United States District Judge for the District of South Dakota
 
 
 [2]
 The ineffective-assistance claim raised in High Elk's supplemental brief should be raised in a 28 U.S.C. Sec. 2255 proceeding where the record can be appropriately developed. See United States v. Thomas, 992 F.2d 201, 204 (8th Cir.1993)