No. 95-2263

Michael Robert French,        *
                                    *

        Appellant,      *

                                    *   Appeal From The United States
      v.                 *   District Court For The
                                    *   Southern District of Iowa

United States of America,    *

                                    *

        Appellee        *

Submitted:  January 8, 1996

Filed:  January 31, 1996

Before RICHARD S. ARNOLD, Chief Judge, BOWMAN, Circuit Judge, and
    JONES,[*] Senior District Judge.

JONES, Senior District Judge.

    Michael R. French appeals a District Court's[1] denial of his 28 U.S.C. § 2255 petition alleging ineffective assistance of trial counsel.  We affirm.

## I.  Factual Background

    French was convicted of conspiracy to distribute marijuana in violation of 21 U.S.C. § 846 and of using or carrying a firearm during a drug transaction in violation of 18 U.S.C. § 924(c).  The facts surrounding French's conviction are set forth in our opinion on his direct appeal.  United States v. French, 12 F.3d 114 (8th Cir. 1993).  We will briefly set forth the facts relevant to this

---

[*]The HONORABLE JOHN B. JONES, Senior District Judge, United States District Court for the District of South Dakota, sitting by designation.

[1]The Hon. Charles R. Wolle, United States District Judge for the Southern District of Iowa.

appeal.

Prior to trial the government disclosed it intended to call Larry Poffenberger to testify that he had seen French with a .357 magnum. At trial Poffenberger testified he saw French with a .32 snub nose rather than a .357 magnum. In addition, the government called two undisclosed witnesses who testified they saw French with a gun during drug-trafficking activities. French's trial counsel, Ms. Kathy Goudy, did not object to this testimony. Rather she attempted to impeach these witnesses. French claims his counsel was ineffective for failing to either object to this "surprise testimony" or request a mistrial or continuance based thereon.

French's second claim relates to his decision to testify at trial. Prior to trial the District Court granted French's motion to suppress several guns which had been seized from French's home. The government was not allowed to introduce these guns in its case-in-chief, however much of this evidence was introduced during the cross-examination of French. French claims defense counsel was ineffective in failing to inform him that if he testified the government could cross-examine him and introduce the previously suppressed evidence.

## II. Decision

To establish his trial counsel was ineffective, French must show that counsel's performance fell below professional standards and that his defense was prejudiced by such ineffective performance. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); Thompson v. United States, 61 F.3d 586, 587 (8th Cir. 1995).

In evaluating a claim of ineffective assistance, this Court will not second-guess counsel's strategic decisions or view them in hindsight; rather we apply an objective standard of reasonableness.

*Id.* A strong presumption exists that defense counsel provided effective assistance. *Id.* If counsel's performance was deficient, then we must determine whether such a deficiency prejudiced the defendant. *Id.* The defendant carries the burden "to affirmatively prove prejudice, which requires proof `that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.'" United States v. Thomas, 992 F.2d 201, 205 (8th Cir. 1993) (quoting Strickland, 466 U.S. at 694, 104 S.Ct. at 2068). A "reasonable probability" is one which is "sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068.

French contends his trial counsel should have objected to the "surprise testimony" regarding French's possession of and use of guns. We believe counsel made a tactical decision to attempt to impeach these witnesses, which when viewed in the context of the trial was a reasonable decision. See Id. at 689, 104 S.Ct. at 2065 (explaining that defense counsel must have wide latitude in making tactical decisions in representing criminal defendants).

Even if defense counsel's performance was deficient, French was not prejudiced by counsel's failure to object to the "surprise" testimony. Defense counsel knew prior to trial that Poffenberger was going to testify he had seen French using or carrying a gun during the group's drug trafficking operations. This testimony alone would have been sufficient to support a conviction under 18 U.S.C. § 924(c). Bailey v. United States, ___ U.S. ___, 116 S.Ct. 501, 509 (1995) (holding that the government must show the defendant actively employed the firearm during and in relation to the predicate crime to sustain a conviction under the "use" prong of § 924(c)). French's argument regarding Poffenberger's conflicting testimony on the type of gun used is meritless, as a conviction under 18 U.S.C. § 924(c) does not depend upon the type of gun used in the drug activity. The testimony of the two

undisclosed witnesses regarding French's use of a gun was cumulative to Poffenberger's testimony and French cannot establish prejudice for failure of defense counsel to object thereto.

French's claim that defense counsel was ineffective for failing to inform him that if he testified the government could cross-examine him regarding previously suppressed evidence is meritless.  Even if defense counsel's performance in this regard was deficient, French cannot establish prejudice as he testified on direct examination that he owned the guns in question.  The introduction of these guns during cross examination simply corroborated French's direct testimony.  Furthermore, French does not contend that had defense counsel so informed him he would have foregone the opportunity to testify in his defense or that he would have accepted any plea offer by the government.

### III.  Conclusion

For the reasons set forth above, we affirm the district court.

A true copy.

Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.