_____

No. 96-1374
_____

United States of America,          *
                                    *
          Appellee,                 *
                                    *
                                    *
                                    *
     v.                             *
                                    *
Karim Akbar, also known as Paul     *
Patrick Davis, also known as        *   Appeal from the United States
Ocie Clyde Davis, also known as     *   District Court for the
Ocie Clide Davis, also known as     *   Western District of Arkansas.
Ocie C. Davis, also known as        *
Ocie Davis, also known as           *      [UNPUBLISHED]
Karim D. Akbar, also known as       *
Clarence Earl Jackson, also         *
known as Robert Johnson, also       *
known as Karim El-Amin Akbar,       *
also known as Karim E. Akbar,       *
                                    *
          Appellant.                *


_____

          Submitted:  November 21, 1996

               Filed:  November 25, 1996
_____

Before McMILLIAN, BEAM, and HANSEN, Circuit Judges.
_____

PER CURIAM.


     Karim Akbar challenges the 157-month sentence imposed by the district
court[1] after he pleaded guilty to bank robbery, in violation of 18 U.S.C.
§§ 2113(a) and (d), and using and carrying a firearm during and in relation
to a crime of violence, in violation of 18 U.S.C. § 924(c)(1).  Counsel
filed a brief pursuant

_____

     [1]The Honorable Jimm Larry Hendren, United States District
Judge for the Western District of Arkansas.

to <u>Anders v. California</u>, 386 U.S. 738 (1967), and was granted leave to withdraw. This court granted Akbar leave to file a pro se supplemental brief, which he has done. We affirm.

In his <u>Anders</u> brief, counsel challenges the district court's denial of a reduction for accepting responsibility, under the United States Sentencing Commission, <u>Guidelines Manual</u>, § 3E1.1 (Nov. 1994), and notes that Akbar wishes to raise an ineffective assistance of counsel claim.

We conclude the district court did not clearly err in denying Akbar a section 3E1.1 reduction, based on the court's finding that Akbar's conduct in escaping from custody was inconsistent with his acceptance of responsibility and on its observations of Akbar on at least three separate occasions. <u>See</u> <u>United States v. Cox</u>, 921 F.2d 772, 773 (8th Cir. 1990); <u>see also</u> <u>United States v. Johnigan</u>, 90 F.3d 1332, 1338 (8th Cir. 1996) (standard of review). Akbar's voluntary admission of his involvement in the offense does not entitle him to the reduction, <u>see</u> <u>United States v. Diggs</u>, 82 F.3d 195, 200 (8th Cir.), <u>cert. denied</u>, 1996 WL 411298 (U.S. Oct. 21, 1996) (No. 96-5244), nor does his mere expression of remorse, <u>see</u> <u>United States v. Roggy</u>, 76 F.3d 189, 194 (8th Cir.), <u>cert. denied</u>, 116 S. Ct. 1700 (1996). Moreover, the district court assessed an obstruction-of-justice enhancement -- which Akbar does not challenge -- and we conclude this is not an extraordinary case in which Akbar is also entitled to an acceptance-of-responsibility reduction. <u>See</u> USSG § 3E1.1, comment. (n.4); <u>United States v. Anderson</u>, 68 F.3d 1050, 1056 (8th Cir. 1995).

Any ineffective-assistance claims Akbar wishes to raise should be presented in a 28 U.S.C. § 2255 motion. <u>See</u> <u>United States v. Thomas</u>, 992 F.2d 201, 204 (8th Cir. 1993). Having carefully reviewed the record and Akbar's pro se brief, we have found no nonfrivolous issue for appeal. <u>See</u> <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988).

Accordingly, the judgment of the district court is affirmed.

A true copy.

    Attest:

       CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.