103 F.3d 135
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Karim AKBAR, also known as Paul Patrick Davis, also known as
Ocie Clyde Davis, also known as Ocie Clide Davis, also known
as Ocie C. Davis, also known as Ocie Davis, also known as
Karim D. Akbar, also known as Clarence Earl Jackson, also
known as Robert Johnson, also known as Karim El-Amin Akbar,
also known as Karim E. Akbar, Appellant.
 No. 96-1374.
 United States Court of Appeals, Eighth Circuit.
 Submitted Nov. 21, 1996.
Filed Nov. 25, 1996.
 
 Before McMILLIAN, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Karim Akbar challenges the 157-month sentence imposed by the district court[1] after he pleaded guilty to bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d), and using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1). Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and was granted leave to withdraw. This court granted Akbar leave to file a pro se supplemental brief, which he has done. We affirm.
 
 
 2
 In his Anders brief, counsel challenges the district court's denial of a reduction for accepting responsibility, under the United States Sentencing Commission, Guidelines Manual, § 3E1.1 (Nov.1994), and notes that Akbar wishes to raise an ineffective assistance of counsel claim.
 
 
 3
 We conclude the district court did not clearly err in denying Akbar a section 3E1.1 reduction, based on the court's finding that Akbar's conduct in escaping from custody was inconsistent with his acceptance of responsibility and on its observations of Akbar on at least three separate occasions. See United States v. Cox, 921 F.2d 772, 773 (8th Cir.1990); see also United States v. Johnigan, 90 F.3d 1332, 1338 (8th Cir.1996) (standard of review). Akbar's voluntary admission of his involvement in the offense does not entitle him to the reduction, see United States v. Diggs, 82 F.3d 195, 200 (8th Cir.), cert. denied, 1996 WL 411298 (U.S. Oct. 21, 1996) (No. 96-5244), nor does his mere expression of remorse, see United States v. Roggy, 76 F.3d 189, 194 (8th Cir.), cert. denied, 116 S.Ct. 1700 (1996). Moreover, the district court assessed an obstruction-of-justice enhancement--which Akbar does not challenge--and we conclude this is not an extraordinary case in which Akbar is also entitled to an acceptance-of-responsibility reduction. See USSG § 3E1.1, comment. (n.4); United States v. Anderson, 68 F.3d 1050, 1056 (8th Cir.1995).
 
 
 4
 Any ineffective-assistance claims Akbar wishes to raise should be presented in a 28 U.S.C. § 2255 motion. See United States v. Thomas, 992 F.2d 201, 204 (8th Cir.1993). Having carefully reviewed the record and Akbar's pro se brief, we have found no nonfrivolous issue for appeal. See Penson v. Ohio, 488 U.S. 75, 80 (1988).
 
 
 5
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas