# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 99-3666

United States of America,

        Appellee,

v.

Gregory A. Neeman,

        Appellant.

\*
\*
\*   Appeal from the United States
\*   District Court for the District
\*   of Nebraska
\*
\*     [UNPUBLISHED]
\*
\*

Submitted: April 11, 2000

Filed: April 26, 2000

Before McMILLIAN and FAGG, Circuit Judges, and ROSENBAUM,* District Judge.

PER CURIAM.

Gregory A. Neeman entered a conditional guilty plea to drug-related charges stemming from two traffic stops and now appeals. We reject Neeman's first contention, that the district court committed error in denying his motion to suppress drugs seized during the traffic stop on February 6, 1997. As the district court concluded, the stop was justified by the officers' reasonable suspicion that Neeman's

---

*The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, sitting by designation.

passenger fit the description of a fugitive wanted by the United States Marshal Service.  See United States v. Thomas, 992 F.2d 201, 203 (8thCir. 1993).

We also agree, contrary to Neeman's view, that police officers reasonably detained him on February 26, 1997.  On that date, officers found Neeman asleep in a car that was parked askew with the lights on and the engine still running.  After awakening Neeman, an officer at the scene noted Neeman's eyes were red and watery.  Neeman was given, and passed, field sobriety tests.  The officers then briefly detained Neeman while a sight inspection of his vehicle was performed; this inspection revealed a bag of marijuana in the car.  Neeman objects the officers should have released him immediately after he passed the field sobriety tests.  Contrary to Neeman's view, we do not consider the brief further detention unreasonable.  Instead, we find that after the field sobriety tests showed Neeman was not intoxicated, officers were fully justified in attempting to locate an alternate explanation for the suspicious situation.  See U.S. v. Ramos, 42 F.3d 1160, 1162 (8th Cir. 1994) (holding that an officer may properly expand the scope of an investigation as reasonable suspicion dictates).  Under the circumstances presented, the brief detention occassioned as officers peered through the windows of Neeman's vehicle was not unreasonable, and the district court properly denied Neeman's motion to suppress on this basis as well.

Neeman's argument that the district court improperly applied the career offender sentencing enhancement by counting Neeman's earlier convictions for burglary of a commercial building as crimes of violence is foreclosed by our decision in United States v. Hascall, 76 F.3d 902, 904-06 (8th Cir. 1996).  Only the court en banc may revisit that holding.  See United States v. Reynolds, 116 F.3d 328, 329 (8th Cir. 1997).  Finally, we decline to consider Neeman's ineffective counsel claim on direct appeal.  See United States v. Santana, 150 F.3d 860, 863 (8th Cir.1998) ("We will consider such a claim on direct appeal only in those exceptional cases in which the district court has developed a record on the ineffectiveness issue or where the

2

result would otherwise be a plain miscarriage of justice."); <u>see</u> <u>also</u> <u>United States v. Codjo</u>, 195 F.3d 420, 423 (8th Cir. 1999).

We affirm.  <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.